NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0036n.06

No. 08-6255

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jan 22, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SAMUEL ROLACK,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

**O P I N I O N**

Before:  MARTIN and WHITE, Circuit Judges, and ZOUHARY[*], District Judge.

**WHITE, Circuit Judge.**  Defendant Samuel Rolack pleaded guilty of being a felon in possession of a firearm and was sentenced to 57 months' imprisonment, within the Guidelines range of 57 to 71 months.  Rolack appeals his sentence, asserting that the district court committed procedural error in failing to recognize that under recent Supreme Court precedent it had discretion to vary from or reject on policy grounds the two-level enhancement under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen firearm (which is applicable without regard to whether the defendant knew or should have known the gun was stolen).  We affirm.

**I.**

The revised pre-sentence report outlines the offense conduct:

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

On April 27, 2007, Memphis Police Officers assigned to the Organized Crime Unit (OCU) were investigating a drug complaint at the Longview Apartment Complex. Detectives observed the defendant, Samuel Rolack, engage in a hand-to-hand transaction with another individual, then get into the passenger side of a vehicle and depart the scene. Detectives stationed at the scene advised other detectives, over the radio, of the transaction that took place and a description of the vehicle Rolack occupied. The vehicle was located and Rolack was observed sitting in the vehicle with the passenger door open. As detectives approached Rolack and identified themselves, Rolack began reaching for his waistband. Rolack was then detained by the officers. When asked if he was in possession of a weapon, Rolack responded, yes, in my waistband. Officers recovered a loaded .40 caliber Glock handgun from Rolack's waistband. Officers conducted a pat-down of Rolack and discovered a clear plastic bag in his pocket containing 50.24 grams of marijuana and another clear plastic bag containing 1.30 grams of crack cocaine. Rolack made several verbal threats to the officers as they took him into custody.

Officers ran a criminal history check on Rolack and determined him to be a convicted felon. Officers also ran a check on the firearm and determined it was not manufactured in the state of Tennessee and therefore traveled in interstate commerce. The firearm was reported stolen on July 1, 2006, in a theft from a motor vehicle.

A federal grand jury returned an indictment charging Rolack with being a felon in possession of a firearm, 18 U.S.C. § 922(g). Pursuant to a plea agreement, Rolack pleaded guilty to the one-count indictment, and the government recommended a sentence at the low end of the Guidelines range. Over Rolack's objection to the 2-level enhancement for possession of a stolen firearm, U.S.S.G. § 2K2.1(b)(4), the court adopted the PSR's Guidelines range of 57 to 71 months, and sentenced Rolack at the low end, to 57 months' imprisonment.

**II.**

After *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory, rather than mandatory, and "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S.38, 46 (2007). "[C]ourts of appeals

must review all sentences . . . under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41; *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). The review is two-tiered: the court must review for both procedural and substantive error. *Gall*, 552 U.S. at 51.

Under *Gall*, procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . ." *Gall*, 552 U.S. at 51. "A sentence may be considered substantively unreasonable where the district court "'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2008) (*quoting United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). In this circuit, a sentence that falls within the Guidelines enjoys "a rebuttable presumption of reasonableness," and the defendant bears the burden of rebutting this presumption. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

## A

At issue is U.S.S.G. § 2K2.1(b)(4), which provides in pertinent part, "If any firearm . . . was stolen, increase by 2 levels." The Commentary to the Guideline renders irrelevant the defendant's lack of knowledge that the firearm was stolen.[1]

---

[1]U.S.S.G. § 2K2.1 cmt. n.8(B) provides:

8. Application of Subsection (b)(4). –
    (B) Knowledge or Reason to Believe. – Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen . . .

No. 08-6255
*United States v. Rolack*

In *United States v. Murphy*, 96 F.3d 846, 848-49 (6th Cir. 1996)[2], this court rejected the

[2]This court's pre-*Booker* decision in *Murphy*, on which the district court relied, rejected the defendant's argument that "to impose the [§ 2K2.1(b)(4)] enhancement in the absence of proof that he knew the weapon was stolen violates his due process rights." 96 F.3d at 848. The *Murphy* court noted:

> [W]e are not the first court to so hold: every other court to consider the question has concluded that the lack of a *mens rea* requirement in U.S.S.G. § 2K2.1(b)(4) comports with constitutional requirements. *United States v. Griffiths*, 41 F.3d 844, 845-46 (2d Cir. 1994) . . .; *United States v. Richardson*, 8 F.3d 769, 770 (11th Cir. 1993) . . . ; *United States v. Sanders*, 990 F.2d 582, 584 (10th Cir. [1993] . . .; *United States v. Goodell*, 990 F.2d 497, 499 (9th Cir. 1993); *United States v. Schnell*, 982 F.2d 216, 219 (7th Cir. 1992); [*United States v.*] *Mobley*, 956 F.2d [450,] 452, 459 (3d Cir. 1992); *United States v. Singleton*, 946 F.2d 23, 27 (5th Cir. 1991) . . . ; *United States v. Taylor*, 937 F.2d 676, 682 (D.C. Cir. 1991); *United States v. Amerson-Bey*, 898 F.2d 681, 683 (8th Cir. 1990). We join with those courts in concluding that since "the upward adjustment for possession of a stolen firearm does not stand alone as an independent crime but is part of a sentencing court's quest to formulate a proper sentence," the holdings in *Staples* [*v. United States*, 511 U.S. 600 (1994), that in order to sustain a conviction for the possession of an unregistered firearm under 26 U.S.C. § 5861(d), based on defendant's possession of a machine gun, the government had to prove that the defendant knew that his firearm possessed characteristics bringing it within the scope of the statute] and related decisions do not speak to our decision today. *Singleton*, 946 F.2d at 26.

> We observe, moreover, the well-settled principle that "[a] statute may provide criminal liability without *mens rea* consistent with due process if it is a regulatory measure in the interest of public safety." *Goodell*, 990 F.2d at 499. And, as the *Goodell* court explained, in construing an earlier version of this sentencing guideline,

> > [t]he strict liability enhancement for possession of a stolen firearm is rationally related to the legitimate governmental goal of crime prevention: § 2K2.1(b)(2) was promulgated on the premise that "stolen firearms are used disproportionately in the commission of crimes." Further, an ex-felon who obtains a stolen firearm is more culpable than one who legally obtains a firearm. The omission of a *mens rea* requirement for the stolen gun sentencing enhancement under § 2K2.1(b)(2) does not violate due process.

*Id.* (citations omitted).
*Murphy*, 96 F.3d at 849.

4

argument that the lack of a scienter requirement in § 2K2.1(b)(4) is contrary to the Due Process

Clause of the Fifth Amendment. Subsequent to *Murphy,* this circuit has upheld application of §

2K2.1(b)(4) in the absence of a scienter requirement both before and after *Booker* was decided in

2005. *See United States v. Fouse*, 250 F. App'x 704, 708-09 (6th Cir. 2007) (unpublished

disposition); *United States v. Burns*, 109 F. App'x 52, 54-56 (6th Cir. 2004) (unpublished disposition)

(revisiting the enhancement after *Blakely v. Washington*, 542 U.S. 296 (2004), and upholding it).[3]

On appeal, Rolack argues that the district court failed to recognize that, despite *Murphy*, it had

discretion to reject and vary from the Guidelines under post-*Booker* cases, including *United States*

*v. Kimbrough*, 552 U.S. 85, 110 (2007) (holding that "it would not be an abuse of discretion for a

district court to conclude when sentencing a particular defendant that the crack/powder disparity

yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case"),

and *Spears v. United States*, 129 S. Ct. 840, 842-44 (2009)[4] (clarifying *Kimbrough*, noting that

"district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based

---

[3]In *United States v. Earl Booker*, No. 05-1929, 2007 WL 2492427, *5 (6th Cir. Sept. 5, 2007) (unpublished disposition), a case not cited by either party that was decided after *Rita* but before *Kimbrough*, a panel of this court again rejected the defendant's challenge to the 2-level enhancement for possession of a stolen firearm on the basis that he never knew the gun was stolen, noting: "because the guideline does not contain a *mens rea* requirement, as [the defendant] acknowledges . . . . and because [the defendant] acknowledges that the gun was in fact a stolen weapon, the district court did not err in applying the enhancement."

[4]*Spears* was decided on January 21, 2009, after Rolack was sentenced on September 25, 2008.

on a policy disagreement with those Guidelines" and not simply based on an individualized determination that they yield an excessive sentence in a particular case).[5]

At the district court level, the argument that the district court should vary from the Guidelines range based on a policy disagreement with the enhancement was intertwined with the argument that, in light of subsequent case law, *Murphy* no longer controls regarding Rolack's objections to the application of U.S.S.G. § 2K2.1(b)(4). The latter argument contends that the district court should revisit the issues raised in *Murphy* – the constitutionality and propriety of applying the enhancement in the absence of a finding of scienter; the former argument contends that although *Murphy* is controlling on the constitutionality of the Guideline commentary, the district court may nevertheless on its own decline to apply the enhancement when it yields a sentencing range in excess of a sentence that is "'sufficient, but not greater than necessary' to accomplish the sentencing goals advanced in § 3553(a)(2)." *See Kimbrough*, 552 U.S. at 111.

Rolack relies on *United States v. Handy*, 570 F. Supp. 2d 437, 439 (E.D.N.Y. 2008), a 43-page opinion in which Senior United States District Judge Jack Weinstein held invalid the Guidelines Commentary's elimination of the scienter requirement.[6] In the instant case, the district court

---

[5]During the pendency of this appeal, this court held that "the authority recognized in *Spears* to reject on policy grounds an otherwise applicable aspect of the Sentencing Guidelines" is not limited to the crack cocaine context. *United States v. Herrera-Zuniga*, 571 F.3d 568, 583-85 (6th Cir. 2009) (noting that the circuits that have taken a definitive position on the question whether the authority recognized in *Kimbrough* and confirmed in *Spears* is limited to the crack-powder cocaine context are uniformly in accord that it is not). Policy-based challenges to the Guidelines are more properly construed as procedural, rather than substantive, challenges. *Id.* at 583 n.8.

[6]Judge Weinstein discussed the deference due the Sentencing Commission, the history of the stolen-firearm enhancement and commentary, case law addressing the issue and recent cases

concluded it was bound by *Murphy,* and that the enhancement is applicable; the court did not directly

address whether it had discretion to reject or vary from the 2-level enhancement based on a

disagreement with the Guideline.

## B - Procedural Reasonableness[7]

To the extent Rolack's sentencing memorandum and argument at sentencing presented a direct

challenge to U.S.S.G. § 2K2.1(b)(4)'s constitutionality and applicability, the district court addressed

that argument, correctly, and concluded that *Murphy* continues to stand for the proposition that

application of the enhancement is constitutional and proper, even where knowledge of the firearm's

stolen character is not shown.

Moreover, the district court correctly calculated the applicable Guidelines range, gave both

parties opportunity to argue for the sentence they deemed appropriate, and considered the § 3553

factors to determine whether they supported a below-Guidelines range sentence, as Rolack requested.[8]

---

addressing sentencing, including *Rita*, *Gall*, and *Kimbrough*, and held invalid the Commentary to U.S.S.G. § 2K2.1(b)(4), concluding "such a rule, devoid of any mens rea connection, is irrational, is inconsistent with the Constitution and criminal laws of the United States, and is void." Among the court's reasons for holding the enhancement invalid was that the Sentencing Commission's decision to exclude a scienter requirement was not supported by an adequate policy rationale. *Handy*, 570 F. Supp. 2d at 452-53, 478-80.

[7]As to substantive reasonableness, Rolack does not argue that the district selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor. *Collington*, 461 F.3d at 808 (*quoting Webb*, 403 F.3d at 383).

[8]Before imposing sentence, the district court stated:

Now I have to look at a number of factors. I have to look at the advisory guidelines and those have been determined to be 57 to 71 months.

The court did not treat the Guidelines as mandatory, and did not select the sentence based on clearly erroneous facts (Rolack did not object to the PSR's facts, which included that the firearm had been reported stolen in 2006). *Gall*, 552 U.S. at 51.

It is a separate question, however, whether the district court adequately explained its chosen sentence in light of Rolack's argument that, despite *Murphy*, the court had discretion to reject the 2-level enhancement for possessing a stolen firearm.[9] We conclude that although the district court did

> I have to look at the need to punish you and protect the community. And as I mentioned before in this community at least guns and drugs are a big problem. I would suggest that a substantial sentence is warranted in order to protect the community.
>
> I have to look at imposing a sentence that is sufficient but not greater than necessary to punish you and protect the community.
>
> Your guideline range is – is, I believe, reasonable, in light of all of the circumstances in this case.
>
> Because this gun charge came about in the context of what looks like an actual drug deal, I don't believe that going below the guidelines is appropriate in this case because it's a very serious activity and one that harms a lot of people.
>
> So I am going to honor the commitment to sentence you at the low end of the guideline range. . . . [*See also* n.12, *infra*.]

[9]To be fair, that two separate arguments were being presented – whether *Murphy* is still good law, and whether the court should reject or vary from the enhanced Guidelines range for policy reasons – may not have been clear to the court. In his sentencing memorandum, defendant argued that "Murphy no longer controls and eliminates the discussion as to whether Section 2K21(b)(4)(A), as applied to Mr. Rolack in the instant matter, is appropriate under 18 U.S.C. § 3553(a)," and that a sentencing court cannot presume that the applicable range is reasonable, but must make an individualized assessment, and that in this case application of § 2K2.1 without the two-level enhancement pursuant to § 2K21(b)(4)(A) would result in an appropriate sentence under § 3553(a). At sentencing, however, Rolack's argument focused more on whether *Murphy* was still good law. Counsel argued, "we believe that post Booker and in particular Kimbrough and Gall that the strict

not expressly address whether it recognized that it had discretion to reject or vary from the stolen

firearm enhancement on policy grounds, its remarks at sentencing[10] indicate that it concluded that

Rolack had enough reason to believe the firearm was stolen to make application of the enhancement

appropriate, and that it found a 57-month sentence adequate, but not excessive.

After the court announced its ruling based on *Murphy*, it entertained argument regarding the

appropriate sentence. At this juncture, defense counsel again argued that the court should opt for a

---

liability nature of the stolen firearm enhancement is now contrary to law and that it's an arbitrary and caprice [*sic*] enhancement of the sentence where there is no scienter, there is no allegation that Mr. Rolack knew or should have known that the firearm was stolen" and that "[o]bviously we concede that in the Sixth Circuit the law is still contrary to our position, but we believe that case, the Murphy case is now suspect due to Kimbrough and Gall."

[10]The district court stated at sentencing:

THE COURT: All right. First of all, I would agree with the defense that the fact that the defendant purchased the gun – purchased the weapon off the street doesn't show conclusively that he knew it was stolen. However, it – it does tend to demonstrate that the defendant was at least placed on inquiry notice in purchasing it through an irregular channel, such as off the street. So that's – that's one factor.

But going back to the underlying issue whether or not in light of Kimbrough and Gall and Booker whether this two point enhancement for possession of stolen property should apply. The jurisprudence in the Sixth Circuit at least does not support a showing of unconstitutionality. In fact, the Sixth Circuit and the current state of the law suggest that this is a proper application that, as [the prosecutor] said, there is [*sic*] mens rea requirement if the felon is caught in possession of that weapon and that weapon is stolen two points should be added, the circuit has said there is a rational relationship between the public policy objective and the weapon.

And so based on the Sixth Circuit law as it stands today, Mr. Perry, I would deny your motion. . . .

sentence based on the Guidelines range without application of the enhancement.[11] The court

addressed this argument directly, concluding that the advisory range was reasonable "in light of all

the circumstances."[12] Thus, while the court did not explicitly state that it recognized it could reject

_____

[11]Rolack's counsel argued:

> Well, I think, Your Honor, in light of Your Honor's ruling, I still would submit that a 46 months sentence is appropriate under the 3553(a) factors, that would be low end of the guideline range absent the two level enhancement.
>
> And I do that because of the reasons set forth in the position paper and that I articulated today, and that without knowing that it was stolen, without any proof of that, we're punishing him for conduct that he didn't have cause to believe or reason to believe would affect him. And I believe that goes to the deterrent effect of the other cases as well.
>
> And the 3553(a) factor that states that the sentence should be a just sentence and also provide deterrent effect. And I don't believe this court can have a, in these [sic] case, can have a deterrent effect if we're arbitrarily punishing the individuals based on the enhancement.

[12]The district court stated:

> Okay. Mr. Rolack, the court has determined the advisory guideline in your case, while you have got a lot of history, you have three countable offenses, a simple possession of a weapon, a controlled substance, and then this felony that I – that I talked about earlier, aggravated robbery from '06.
>
> These are all serious offenses, and as the government said, at the time that you were apprehend [*sic*] in this instance it appears that you were actually involved in other related criminal conduct, it looks like that you were involved in some kind of drug deal, with some kind of hand-to-hand transaction.
>
> And, Mr. Rolack, the – the problem of drug dealing is one that really hurts the overall society, the people that push drugs on the community are really parasites.
>
> * * *
>
> It means that you don't contribute anything positive, that you take and suck

the enhancement as inconsistent with § 3553(a), but chose not to do so, such a deliberative process

is appropriately inferred from the record.

For these reasons, we AFFIRM.

---

the life out of the community.

So it is a very destructive activity and when you combine drugs and guns it's also very dangerous. And I don't know what your fascination with weapon [*sic*] may be, but I see two offenses that look like they involve guns or violence, but, you know, you have got to get your life on track, if you don't, you will end up in some institution for life.

Now I have to look at a number of factors. I have to look at the advisory guidelines and those have been determined to be 57 to 71 months.

I have to look at the need to punish you and protect the community. And as I mentioned before in this community at least guns and drugs are a big problem. I would suggest that a substantial sentence is warranted in order to protect the community.

I have to look at imposing a sentence that is sufficient but not greater than necessary to punish you and protect the community.

Your guideline range is – is, I believe, reasonable, in light of all of the circumstances in this case.

Because this gun charge came about in the context of what looks like an actual drug deal, I don't believe that going below the guidelines is appropriate in this case because it's a very serious activity and one that harms a lot of people.

So I am going to honor the commitment to sentence you at the low end of the guideline range. . . .