**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0674n.06

Nos. 10-6499, 10-6500

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Sep 14, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DANIEL LEE COLE, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

Before: **MOORE, GRIFFIN and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** In these consolidated cases, Defendant Daniel Lee Cole (Cole) challenges the substantive reasonableness of his within-Guidelines consecutive sentences of 8 months, for violating supervised release, and 37 months, for being a felon in possession of a firearm. We **AFFIRM**.

**I**

In 2003, Cole was sentenced to 62 months' imprisonment and 4 years of supervised release for possession with intent to distribute crack cocaine. Cole's supervised release began in March 2008. In September 2009, police searching a residence pursuant to a warrant found Cole and another person in a bedroom, and a handgun in a hall closet. Cole's supervised release was revoked, and he pleaded guilty of the firearm charge without a written plea agreement.

1

At sentencing, defense counsel argued that Cole should receive a below-Guidelines sentence on his supervised-release revocation because his 2003 62-month crack sentence was two months greater than the 60-month mandatory minimum sentence and thus could have been lowered by two months pursuant to the Guidelines amendment, U.S.S.G. Supp. App. C, Amdt. 706, but was not because Cole had been released to a halfway house before he could get relief.

Defense counsel's position paper responding to the PSR objected to the 2-level stolen-firearm enhancement, U.S.S.G. § 2K2.1(b)(4)(A). Although acknowledging that the enhancement applied on its face, the position paper asserted, and counsel argued at sentencing, that a strict-liability standard violates due process and does not serve any legitimate sentencing purpose. Counsel also argued that even if the enhancement is constitutional, the court should exercise its discretion to disagree with it on policy grounds, i.e., vary downward to mitigate the effects of the enhancement.

## II

Cole argues that his 8-month sentence for violating supervised release was substantively unreasonable because the district court gave insufficient weight to his crack-guidelines argument.

Sentences imposed following revocation of supervised release are reviewed under a deferential abuse-of-discretion standard for reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Because Cole's 8-month sentence for violating supervised release was within the 8- to 14-month Guidelines range, this court may apply a rebuttable presumption of substantive reasonableness. *Id.* at 581. In general, this court gives due deference to the district court's conclusion that the sentence imposed is warranted by the 18 U.S.C. § 3553(a) factors. *Id.*

After hearing considerable argument at sentencing on this issue from defense counsel (6 pages of transcript), the district court stated, "I understand your point." Although the court

responded cursorily, Cole had cited no authority to support his argument, and a district court need not explain its reasons for rejecting each argument a defendant makes. *United States v. Smith*, 510 F.3d 603, 608-09 (6th Cir. 2007). There is no reason to conclude that the district court failed to understand or consider Cole's argument.

Cole does not argue that the district court selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave unreasonable weight to any pertinent factor, nor does the record support any such finding. Under these circumstances, Cole's claim that his 8-month within-Guidelines sentence is substantively unreasonable fails. *See Smith*, 510 F.3d at 609.

### III

Cole's second argument is that his 37-month sentence, imposed on his guilty-plea conviction of being a felon in possession of a firearm, is substantively unreasonable because the district court gave insufficient weight to his argument that the stolen-firearm enhancement[1] should not be applied for policy reasons.

Cole argues as well that application of the stolen-firearm enhancement violated his right to due process because it was imposed absent evidence that he knew or had reason to believe the firearm was stolen. Cole relies on *United States v. Handy*, 570 F. Supp. 2d 437 (E.D.N.Y 2008), but acknowledges that his argument cannot succeed under this circuit's precedent, specifically *United*

---

[1]United States Sentencing Guidelines section 2K2.1(a)(4)(A) provides a base offense level of 20 when a defendant with one prior felony conviction for a controlled substance offense is convicted of possessing a firearm. Section 2K2.1(b)(4) provides that if the firearm is stolen, the offense level is increased by two levels. The application notes state that this enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen . . ." U.S.S.G. § 2K2.1 cmt. n. 8(B).

*States v. Murphy*, 96 F.3d 846, 849 (6th Cir. 1996), and *United States v. Rolack*, 362 F.App'x 460 (6th Cir. 2010) (unpublished) (noting that this court has upheld application of the stolen-firearm enhancement, § 2K2.1(b)(4), both before *United States v. Booker*, 543 U.S. 220 (2005), in *Murphy*, *supra*, and *United States v. Burns*, 109 F. App'x 52, 54-56 (6th Cir. 2004)), and after *Booker*, in *United States v. Fouse*, 250 F. App'x 704, 708-09 (6th Cir. 2007) (unpublished).

As Cole argued below, the district court could have varied based on a policy disagreement with the stolen-firearm enhancement.[2] This court recently explained in a case in which the defendant also argued that the court should have declined to apply the stolen-firearm enhancement on policy grounds and that application of the enhancement absent a finding of scienter was improper:

> In this circuit, we recognize the ability of a district court to vary based on a policy disagreement with any aspect of the Guidelines. *See, e.g., United States v. Brooks*, 628 F.3d 791, 799-100 (6th Cir. 2011) (recognizing district court's ability to vary from Guidelines based on policy disagreement with sentencing range in cases involving child pornography); *United States v. Camacho-Arellano*, 614 F.3d 244, 247-50 (6th Cir. 2010) (same with respect to fast-track disparity). We have held that "a categorical, policy-based rejection of the Guidelines, even though entitled to less respect, nevertheless is permissible where the guidelines in question do not exemplify the Commission's exercise of its characteristic institutional role." *United States v. Herrera-Zuniga*, 571 F.3d 568, 586 (6th Cir. 2009) (internal quotation marks omitted). In this case, Davy correctly identified a distinction between a sentencing enhancement and the parallel crime, a distinction which has been reviewed by this court as a possible basis to vary. *See* [*United States v.*] *Rolack*, 362 F. App'x [460,] 463-466 [(6th Cir. 2010) (unpublished)]; [*United States v.*] *Moore*, 372 F. App'x [576,] 580-82 [(6th Cir. 2010) (unpublished)]; *see also United States v. Handy*, 570 F.Supp.2d 437, 478-80 (E.D.N.Y. 2008) (Weinstein, J.) (finding invalid the strict liability component of the stolen-gun enhancement in part due to conflict with related criminal statute).
>
> At the sentencing hearing, the argument that the district court should vary from the Guidelines range based on a policy disagreement was "intertwined" with the

---

[2] *See Spears v. United States*, 555 U.S. 261, 264-65 (2009), and *United States v. Johnson*, 553 F.3d 990, 995-96 (6th Cir. 2009) (characterizing deviations that are based on policy considerations as variances).

argument that it was improper to apply the enhancement in the first place in the absence of a finding of scienter. *Rolack*, 362 F. App'x at 463. To the extent that such arguments challenge the constitutionality or propriety of the enhancement, this court has held before and after *Booker* that "application of the enhancement is constitutional and proper, even where knowledge of the firearm's stolen character is not shown. *Id.* at 464; *accord Moore*, 372 F. App'x at 578-79; *United States v. Fouse*, 250 F. App'x 704, 712-13 (6th Cir. 2007) (unpublished opinion); *United States v. Webb*, 403 F.3d 373, 384 & n.7 (6th Cir. 2005); *United States v. Burns*, 109 F. App'x 52, 54-56 (6th Cir. 2004) (unpublished opinion).

*United States v. Davy*, No. 09-4106, 2011 WL 2711045 *5-6 (July 12, 2011) (unpublished).

In the instant case, the district court's response to Cole's dual arguments against imposition

of the stolen-firearm enhancement was in keeping with this circuit's precedent as discussed in *Davy*:

The defendant has lodged an objection to the application, Section 2K2a(b)(4)(A) [*sic* 2K2.1(b)(4)(A)], which states that if any firearm was stolen, the – recommends the court increase the offense level by two. The – that particular enhancement has been argued quite vigorously by both sides. The case law that has been cited by the defendant does reflect, in some respects, a possible or a potential, I guess, indication by the circuit that it would – might, I guess, allow the court to consider as to whether or not the court would consider not – in applying this particular enhancement based upon policy difference.

Although the court – and this is – specifically I'm referring to the case of U.S. versus Rolack [362 F. App'x 460, 464 (6th Cir. 2010) (unpublished)] . . . Although the court, the district court in that case did apply the two-level enhancement, and the court found that the application of that enhancement did not violate due process. As this court is bound by the decisions of the Sixth Circuit, the court will likewise determine that the particular enhancement does not violate the due process laws in terms of its – whether or not it should be applied in this case.

Of course, the court has some discretion under 3553(a). But certainly – if it recognizes, as a [*sic*] circuit has recognized, that there is no scienter or intent to – whether one knows that a particular firearm is stolen is not required, and the court has previously found that the firearm in question – was stolen. So that certainly is an issue that has been determined by the court.

The parties have both put forth very compelling arguments. I suppose in the scheme of things that an enhancement such as this is enacted or is put forth by the sentencing commission as . . . an aspect of deterrence, that if one is a convicted felon

who is prohibited from possessing a firearm, that if that person does possess it he or she takes the risk or does run the risk of the fact that the firearm was, in fact, stolen.

The government has put forth an argument that the court certainly can understand that, that if the person is a convicted felon then there is – obviously, that person cannot go into some firearms store, at least legally, unless he or she is untruthful with the seller of that firearm that he or she is . . . not a prohibited person. So where does that leave that individual if he or she wants to obtain a gun?

Well, they can buy it off the street or they can steal it. There is no indication that Mr. Cole stole this gun. At least there is no proof in the record to that effect. But certainly Mr. Cole or anyone who is a convicted felon who possesses a firearm runs the risk that if they buy that gun or obtain that gun from someone literally off the street, that it could very well be a stolen firearm.

The court, based upon the precedent the court has read, the cases that have been cited here, the court finds that the application of that enhancement is not unreasonable, that it does not, in the court's mind, increase the potential penalty more than necessary to comply with purposes under 3553(a), which I will address in just a moment, so the court is going to overrule the objection by the defendant as to the – not to apply this. I am going to apply it in this case. The court will increase the offense level by two under Section 2K2.1(b)(4)(A), which would then give Mr. Cole an adjusted offense level of 22.

R. 2-94 at 60-63.

The sentencing transcript demonstrates that the district court considered Cole's arguments, recognized that it had the authority to vary based on a policy disagreement, and explained why it chose not to do so. Beyond Cole's conclusory statements that the district court's rejection of his policy argument resulted in a sentence that failed to reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, Cole presents no argument to substantiate that there was sentencing error, and has failed to show that his within-Guidelines sentence is substantively unreasonable.

For the foregoing reasons, we **AFFIRM**.