**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0716n.06

No. 09-5542

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Oct 19, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DEMARIO MONTAGUE, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| _____ | ) | |

Before: CLAY and STRANCH, Circuit Judges; BARRETT, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.** Demario Montague appeals his conviction and 110-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Montague challenges the sufficiency of the evidence to support his conviction and the procedural and substantive reasonableness of his sentence. Although we are unpersuaded by Montague's sufficiency-of-the-evidence argument, we conclude that his sentence is procedurally unreasonable because the district court failed to appreciate its authority to reject or vary, on policy grounds, from the Sentencing Guidelines' stolen-firearm enhancement. Consequently, we **AFFIRM** Montague's conviction, but **VACATE** his sentence and **REMAND** for resentencing.

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

**I. BACKGROUND**

On November 8, 2007, Montague was indicated on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On March 27, 2008, a superseding indictment added a second count for knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j). The charges originated from a traffic stop of a vehicle in which Montague was riding with two other individuals. Montague was riding in the backseat with a white towel or bandana around his face, which, along with a missing rear-view mirror, drew the attention of Officer Wallace of the Memphis Police Department. Victims of several robberies in the area had described the perpetrator as having a white towel or bandana wrapped around his face.

At trial, Officer Wallace testified that during the traffic stop, he saw Montague repeatedly reach down between his legs while seated in the vehicle, despite repeated instructions to stop doing so. Several other officers at the scene witnessed similar behavior. Officer Bronstein observed Montague reaching down and moving around as if he was trying to conceal something on the floorboard. Officer Robinson also testified that he saw Montague attempting to shove something underneath the seat, and that each time the officer would move his head a little bit, Montague would reach down below his seat. As the officers removed Montague from the vehicle, Officer Wallace saw a pistol "in plain view" on the floorboard in front of Montague's seat. Officer Bronstein also saw the gun on the floorboard, where Montague had been seated, as did Officer Robinson.

The jury convicted Montague of the felon in possession charge, but acquitted him of knowingly possessing a stolen firearm. The Presentence Investigation Report ("PSR") calculated a total offense level of 28, which included two two-level enhancements, one for obstruction of

justice, U.S.S.G. § 3C1.1, and one for possession of a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A). At sentencing, the district court declined to apply the first enhancement, finding insufficient evidence that Montague had obstructed justice. The court, however, applied the stolen-firearm enhancement because there was no dispute that the firearm was stolen and the Guidelines commentary provides that the enhancement strictly applies regardless of whether the defendant knew the firearm was stolen. The court denied Montague's request that it vary from the stolen-firearm enhancement on policy grounds because the enhancement lacked a reliable empirical basis. In doing so, the court repeatedly expressed its view that it is not the district court's job to "figure out whether the Guidelines are justified or not."

Based on a total offense level of 26 and a criminal history category V, the district court calculated the Sentencing Guidelines range of imprisonment to be 110 to 120 months.[1] The district court imposed a sentence of 110 months to be followed by three years of supervised release. Montague filed this timely appeal, challenging the sufficiency of the evidence to support his conviction and the procedural and substantive reasonableness of his sentence.

---

[1]The Guidelines would have called for a range of 110 to 137 months of imprisonment, but a statutory maximum sentence of 10 years pursuant to 18 U.S.C. § 922(g) capped the high end of the guidelines range at 120 months of imprisonment.

## II.  ANALYSIS

A.    **Sufficiency of the Evidence to Support Montague's Conviction**

1.    **Standard of Review**

When considering a sufficiency-of-the-evidence challenge to a conviction under 18 U.S.C. § 922(g), this Court does not "weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 588–89 (6th Cir. 1999).  Rather, "the question before us is whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Martinez*, 588 F.3d 301, 314 (6th Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  "In making this determination, we reverse a judgment for insufficiency of evidence only if the judgment is not supported by substantial and competent evidence upon the record as a whole, whether or not the evidence is direct or wholly circumstantial." *Id.* (alterations and internal quotation marks omitted).

2.    **Sufficiency of the Evidence Analysis**

In order to secure a conviction under 18 U.S.C. § 922(g), the Government must prove three elements:  (1) that the defendant had a previous felony conviction; (2) that the defendant possessed the firearm; and (3) that the firearm traveled in or affected interstate commerce.  *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007).  In this case, the only element in dispute is the sufficiency of the evidence to support a finding that Montague possessed the firearm.  "Actual or constructive possession is sufficient to give rise to criminal liability under § 922(g)," *United States*

*v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003), and both may be proven by circumstantial evidence, *United States v. Davis*, 577 F.3d 660, 671 (6th Cir. 2009).

"[C]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Gardner*, 488 F.3d at 713 (internal quotation marks omitted). A defendant's mere physical proximity to a gun is insufficient proof of constructive possession. *United States v. Arnold,* 486 F.3d 177, 183 (6th Cir. 2007) (en banc). However, as this Court summarized in *United States v. Bailey*, 553 F.3d 940 (6th Cir. 2009), "[i]n cases involving a police officer's discovery of a firearm located on or underneath a seat of the car that the defendant . . . rode in as a passenger, courts of appeals have found sufficient evidence to establish constructive possession when there exists additional evidence beyond proximity" such as "a police officer's testimony that he or she saw the defendant bend down to conceal something beneath the seat." *Id.* at 948 (collecting authority).

Having reviewed the record, we conclude that there is sufficient evidence to support a finding that Montague constructively possessed a firearm. Not only was the firearm found in plain view on the floorboard in front of Montague's seat, but three police officers testified that during the traffic stop they witnessed Montague repeatedly reach down in the direction of the floorboard as if to conceal something. Given the proximity of the firearm, and the officers' testimony of Montague's furtive movements, a rational juror could conclude beyond a reasonable doubt that Montague constructively possessed the firearm. This conclusion is supported by additional circumstantial evidence, including testimony by the other occupants of the vehicle that the gun was not theirs and

testimony by the driver of the vehicle that Montague subsequently requested that he claim ownership of the pistol. Accordingly, we reject Montague's challenge to the sufficiency of the evidence.

**B.      District Court's Authority to Reject Stolen-Firearm Enhancement on Policy Grounds**

**1.      Standard of Review**

Montague next challenges the procedural reasonableness of his sentence, alleging that the district court failed to appreciate its authority to reject the stolen-firearm enhancement on policy grounds. This Court "review[s] sentences imposed by the district court for reasonableness." *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). Reasonableness challenges to a sentence, both procedural and substantive, are usually considered under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). While the Government might have contended that Montague forfeited his procedural objection in the district court, *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc), the Government expressly conceded at oral argument that the heightened plain-error standard should not be applied to this claim. In light of this concession, we need only review the procedural reasonableness of Montague's sentence for an abuse of discretion. *See United States v. Williams*, 641 F.3d 758, 763–64 (6th Cir. 2011) (explaining that the Government may forfeit application of the plain-error standard by not requesting it on appeal).

**2.      Authority to Reject Categorically or Vary on Policy Grounds**

The Supreme Court addressed a district court's authority to reject or vary from the Sentencing Guidelines on policy grounds in two cases involving the crack-cocaine Guidelines. In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Court held that "the cocaine Guidelines, like all other Guidelines, are advisory only." *Id.* at 91. In making the determination whether "a

within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing" under section 3553(a), the Court held that a district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." *Id.* Subsequently, in *Spears v. United States*, 555 U.S. 261 (2009) (per curiam), the Supreme Court clarified that a district court has the "authority to vary from the crack cocaine Guidelines based on *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Id.* at 843. Accordingly, under *Kimbrough* and *Spears*, "district courts are entitled to vary from the crack-cocaine guidelines [even] in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range." *Id.* at 843–44.

In cases decided after the district court sentenced Montague, this Court has held that a district court's discretion to reject categorically or vary from the Guidelines on substantive policy grounds is not limited to the crack-cocaine context. *United States v. Herrera-Zuniga*, 571 F.3d 568, 584 (6th Cir. 2009). Rather, this discretion "applies to all aspects of the Guidelines." *United States v. Cole*, 343 F. App'x 109, 115 (6th Cir. 2009); *see, e.g.*, *United States v. Camacho-Arellano*, 614 F.3d 244, 250 (6th Cir. 2010) (remanding for resentencing where district court did not appreciate its discretion to vary based on disparity among fast-track early-disposition programs); *United States v. Janosko*, 355 F. App'x 892, 895 (6th Cir. 2009) (recognizing that "district courts may choose to reject guideline sentences for child-pornography offenses simply due to policy disagreements with those guidelines").

If a district court procedurally errs by sentencing a defendant under the mistaken belief that it lacks authority to reject or vary on policy grounds, we generally remand for resentencing "to give the district court an opportunity to impose a sentence with full recognition of its authority." *United States v. Johnson*, 553 F.3d 990, 992 (6th Cir. 2009); *accord United States v. Maye*, 582 F.3d 622, 633 (6th Cir. 2009) (remanding for resentencing where record indicated that district court may not have been aware of its authority to vary on policy grounds). Resentencing may not be required, however, if the record establishes that "the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the . . . Guidelines based on a policy disagreement." *Johnson*, 553 F.3d at 996 n.1.

The Government relies on two cases in which we rejected arguments that a district court did not realize its authority to vary categorically from the stolen-firearm enhancement for policy reasons. *See United States v. Moore*, 372 F. App'x 576 (6th Cir. 2010); *United States v. Rolack*, 362 F. App'x 460 (6th Cir. 2010). Like Montague, the defendants in *Moore* and *Rolack* relied heavily on Judge Weinstein's opinion in *United States v. Handy*, 570 F. Supp. 2d 437 (E.D.N.Y. 2008), which invalidated the strict-liability component of the stolen-firearm enhancement largely on policy grounds. In both cases decided by this Court, the record indicated that the district court understood its authority to reject or vary on policy grounds and simply declined to exercise that authority. *See Moore*, 372 F. App'x at 581–82; *Rolack*, 362 F. App'x at 465–66.

The record in this case, however, is very different from those in *Moore* and *Rolack*. At sentencing, the district court repeatedly expressed the mistaken view that it was without power to

reject or vary from the stolen-firearm enhancement on policy grounds, noting that it was "not [its] job to figure out whether the Guidelines are justified or not." The court stated,

> the only way the enhancement would not apply is if I agree with *Handy*, and said there is no justification for the Guideline, and therefore I'm going to expunge the Guideline, I'm not going to follow the Guidelines in calculating the Guidelines. That seems to me dead wrong. It is an invitation across the board for every Court in the country, when a Guideline enhancement issue comes up, to examine what the Sentencing Commission thought to see if the Court individually thinks that the Sentencing Commission properly considered sufficient evidence in order to promulgate the Guidelines. And then to determine, based on the Court's personal policy preferences, whether the Court thinks there is an appropriate Guideline. That's not the law. It's not good law, post *Booker*. It's not a fair reading of *Kimbrough*. It's not something I intend to do, nor do I think it would be anything other than error -- clear error, for me to do so.

R78 at 17–18.

At one point during the sentencing hearing the district court seemed to recognize that, in imposing sentence, it could consider the fact that Montague did not know the gun was stolen in balancing the section 3553(a) factors. Yet, the court later expressed its view that it lacked authority to "find that the [stolen-firearm] enhancement is not an appropriate enhancement" in light of the 3553(a) factors. In pronouncing sentence, the court reiterated its belief that the enhancement was "necessary." Moreover, at that time, the district court did not have the benefit of our subsequent cases clarifying that the right to vary on policy grounds applies to all aspects of the Guidelines.

In sum, our review of the sentencing transcript as a whole leaves us with strong "reason to believe that the judge did not recognize his authority to reject and vary from the [stolen-firearm enhancement] based solely on a policy disagreement with [that enhancement]." *Maye*, 582 F.3d at 633 (internal quotation marks omitted). For this reason, we believe Montague's sentence is

procedurally unreasonable. *See United States v. Davy*, No. 09-4106, 2011 WL 2711045, at *7 (6th Cir. July 12, 2011) (concluding that sentence was procedurally unreasonable partly based on district court's comments indicating that it did not believe it could vary from the stolen-firearm enhancement on policy grounds).

For the first time at oral argument, the Government argued that we should infer from the record that Montague's sentence would be unchanged on remand because the district court indicated at sentencing its agreement with the policy behind the stolen-firearm enhancement. In particular, it points to the court's statement that, "as far as [the court's] view matters," the court did not "see any disjunction between the [stolen-firearm] enhancement . . . and the goals of the Guidelines." We initially note that the Government waived this argument by not including it in their brief to this Court. *Cf. Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 420 (6th Cir. 2007). Nonetheless, we do not read the district court's statement as establishing that the court necessarily would have imposed the same sentence if it had realized its authority.

Because the district court did not appreciate its authority to reject or vary from the stolen-firearm enhancement on policy grounds, we are required to vacate the district court's sentence and remand to the district court for resentencing. In doing so, we express no view as to how the district court should exercise its discretion at resentencing.

## C.     Substantive Reasonableness of Montague's Sentence

Montague also challenges the substantive reasonableness of his sentence, contending that the district court gave an unreasonable amount of weight to his youthful criminal history. Because the district court's sentence is procedurally unreasonable for the reason explained above, and

resentencing is required for this reason, we need not consider the substantive reasonableness of the district court's sentence at this time. *See United States v. Wilson*, 614 F.3d 219, 226 (6th Cir. 2010) (declining to consider substantive-reasonableness challenge after finding procedural error in sentencing).

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** Montague's conviction, but **VACATE** his sentence and **REMAND** for resentencing.