NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0115n.06

No. 09-5751

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 31, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| LESLEY OWENS, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellant. | ) | |

Before:        SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

ADAMS, District Judge.  Defendant-Appellant Lesley Owens appeals from his conviction

for being a felon in possession of a firearm.  Because we find no error, we affirm.

**I**

On August 12, 2008, Owens was charged in a one-count indictment with being a felon in

possession of a firearm.  The indictment arose from events that allegedly occurred on December 4,

2007.  On that date, Udella King alleged that Owens forced her into a car through the use of a

firearm.  King was then allowed to exit the car at the apartment of her cousin, Dolores DeLeon, with

the promise that money could be retrieved from the apartment.  King entered the apartment, locked

the door, and then called 911.  Owens then approached the apartment and attempted to gain entry.

King reported that Owens was screaming that he would shoot the door down if she did not exit the

_____

[*] The Honorable John R. Adams, United States District Judge for the Northern District of
Ohio, sitting by designation.

apartment. A short while later, Owens left the area and officers arrived. With officers present, Owens called King and indicated he was at a payphone a short distance away from the apartment. Officers then went to that location and found Owens and Corey Marrow. While officers questioned Owens, Marrow attempted to flee on foot. Eventually, Marrow was apprehended and a firearm was found along the route that he had run from the officers. Based upon these events, Marrow and Owens were independently charged with unlawful possession of the firearm.

Owens pled not guilty and the matter proceeded to a jury trial that commenced on January 12, 2009. On January 15, 2009, the trial concluded and the jury returned a guilty verdict on the sole count. On June 19, 2009, Owens was sentenced to 235 months incarceration. Owens timely appealed and now raises five arguments for this Court to review.

## II

### 1. Other Acts Evidence

Owens first contends that the trial court committed plain error when it allowed testimony regarding other acts evidence. To demonstrate plain error, a defendant must show: (1) a district court error that was (2) plain, (3) affected the defendant's substantial rights, and (4) seriously affected the fairness, integrity or public reputation of the judicial proceedings. *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir. 2001).

Owens contends that testimony was given on numerous prior bad acts without the trial court properly engaging in a Fed. R. Evid. 404(b) analysis. The Government responds that all of the evidence so admitted falls within the *res gestae* exception to the prohibition contained in 404(b). We agree.

To fall within the *res gestae* exception, evidence must "consis[t] of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Ibid*.

Owens first asserts error related to when the Government asked King why she returned to Marrow's apartment with Owens. King responded:

> He had a gun pointed to me and told me if I didn't go, he would wup my – ... He would wup my ass. And I had already been so scared of him by then, because he had already wupped my ass too many times before that.

Despite Owens' argument to the contrary, the trial court did not err in admitting this testimony. The case against Owens revolved around the entire day of December 4, 2007. As such, King's explanation for why she was willing to be in Owens' presence throughout that day was proper background evidence to tell the complete story of the charged offense.

Owens next asserts error related to the Government's questioning of Beulah Hurd. During that examination, the Government inartfully asked whether Owens had been Hurd's pimp in the past. Hurd denied any such relationship with Owens. Thereafter, at sidebar, the trial court indicated that such an inquiry could lead to a host of problems with other acts evidence. No further questions on the topic were identified by Owens on appeal as problematic. Given Hurd's answer in the negative and a complete lack of any objectionable follow-up questions, the Court finds no error. It is unclear how Hurd's denial of such a relationship could conceivably have prejudiced Owens. As such, he has failed to demonstrate error.

This Court notes that Owens' reply brief raises numerous other instances of alleged other acts that were improperly introduced during the trial. These acts were not argued in Owens' opening brief. Arguments raised for the first time in a reply brief are waived. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). Accordingly, this Court need not address those other acts identified and argued for the first time in the reply brief.

We do note, however, that is clear that even those acts that were raised for the first time in the reply brief fall within the *res gestae* exception. They include Owens' alleged assault on King later the same day in which Owens verbally indicated that the assault occurred due to King's act resulting in Owens having his gun confiscated. Accordingly, Owens has failed to demonstrate the plain error necessary to warrant reversal.

## 2. Ineffective Assistance of Counsel

Owens next argues that he received ineffective assistance from his trial counsel. We find no merit in this argument.

This Court has frequently explained the standard applicable for reviewing claims of ineffective assistance of counsel. In addressing these claims of ineffective assistance of counsel, we follow the two-part test laid out by *Strickland v. Washington*, 466 U.S. 668 (1984). As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997), discussing the first prong of the

*Strickland* analysis, this Court held that:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that ... the challenged action 'might be considered sound trial strategy.'"

*Id.* (citation omitted). Furthermore, in evaluating the prejudice prong, "[i]t is not enough for the

defendant to show that the errors had some conceivable effect on the outcome of the proceeding."

*Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that

test, and not every error that conceivably could have influenced the outcome undermines the

reliability of the result of the proceeding." *Id.* (citation omitted). Rather, an appellant "must show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* at 694.

Owens' initial arguments regarding ineffective assistance of counsel focus upon the other acts

evidence described above. As we found no error in the admission of that evidence, it follows that

counsel was not deficient when he declined to object to its admission.

Additionally, Owens claims his counsel was deficient when he failed to object to the

testimony of Deborah Johnson and Jamison Price. With respect to Johnson, Owens claims that his

counsel should have objected to any testimony about his possessing a firearm on any day other than the day contained in the indictment. With respect to Price, Owens claims his counsel should have objected to his testimony about King's attending church and having a prior unhealthy relationship. Upon review, no objection to either witness was warranted.

Owens' argument regarding Johnson focuses upon a misreading of her testimony. There is no question that Johnson was unclear regarding the day that she saw Owens with a firearm. However, through re-direct examination, Johnson was able to conclude that December 4, 2007 was in fact the day she saw Owens with the firearm. Accordingly, any objection to her testimony would have been futile.

Price gave very limited testimony. He testified that he met King at a mutual church, befriended her, and purchased her a bus ticket to leave town after the December 4, 2007 incidents with Owens. Price also indicated that he knew an individual named EJ that King had moved to Memphis with and that King had dated. Price described their relationship as unhealthy. Owens contends that these statements were irrelevant to the case against him and Price's testimony was provided solely to paint King as a sympathetic, church-going victim. Price's testimony, however, placed his relationship with King in context. It explained to the jury how he knew King and why he was willing to provide her assistance to leave town. Furthermore, during his testimony, Price described King's physical appearance after her alleged assault by Owens, adding to King's credibility. Accordingly, Owens has not demonstrated that his counsel was deficient for failing to object to Price's testimony.

In addition to failing to demonstrate the deficiency of his trial counsel, Owens has also failed to demonstrate that he was prejudiced by any alleged deficiency. The testimony highlighted by Owens was tangential in most aspects to the core testimony that supported his conviction. As both King and Johnson placed a firearm in Owens' possession on December 4, 2007, he has failed to demonstrate that the admission of the above evidence influenced the outcome of his trial in any manner. As such, Owens' second argument lacks merit.

### 3. Constructive Amendment or Variance

Owens next contends that he was denied due process when the indictment was constructively amended. There is no merit in this contention.

This Circuit has previously described both amendments and variances:

> An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A *variance* occurs when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)).

Again, contrary to Owens' assertions, there was nothing approaching an amendment or a variance from his indictment. Both King and Johnson testified that they witnessed Owens in possession of a firearm on December 4, 2007. Admittedly, neither witness was stellar in recalling the precise events of December 4, 2007. However, by the conclusion of the testimony of each witness, both witnesses were certain of the date that Owens possessed the weapon. Moreover, the jury was instructed that the Government had to prove possession on or about December 4, 2007. No

other dates were ever suggested to the jury, nor was any argument about another date offered. Accordingly, no variance or amendment occurred. This argument lacks merit.

### 4. Sufficiency

Owens asserts that there was insufficient evidence to support his conviction. We disagree.

When considering a sufficiency-of-the-evidence challenge to a conviction under 18 U.S.C. § 922(g), this Court does not "weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Montague*, 438 Fed. App'x 478, 480 (6th Cir. 2011) (quoting *United States v. M/G Transp. Servs., Inc.,* 173 F.3d 584, 588–89 (6th Cir. 1999)). Rather, "the question before us is whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Martinez*, 588 F.3d 301, 314 (6th Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "In making this determination, we reverse a judgment for insufficiency of evidence only if the judgment is not supported by substantial and competent evidence upon the record as a whole, whether or not the evidence is direct or wholly circumstantial." *Id.* (alterations and internal quotation marks omitted).

In order to secure a conviction under 18 U.S.C. § 922(g), the Government must prove three elements: (1) that the defendant had a previous felony conviction; (2) that the defendant possessed the firearm; and (3) that the firearm traveled in or affected interstate commerce. *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007). "Actual or constructive possession is sufficient to give rise to criminal liability under § 922(g)," *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir.

2003), and both may be proven by circumstantial evidence, *United States v. Davis*, 577 F.3d 660, 671 (6th Cir. 2009).

In the instant matter, both King and Johnson testified they witnessed Owens in possession of the firearm on December 4, 2007. Owens' sole argument on appeal is that both witnesses lacked credibility. However, as noted above, this Court does not weigh the evidence presented when conducting a sufficiency analysis. Instead, we look at the evidence in a light most favorable to the Government. In a light most favorable to the Government, the jury could believe these two eyewitnesses and find that Owens was in actual possession of the firearm. As Owens does not dispute that the remaining elements of the crime were proven, his argument must fail.

**5. Jury Instruction**

In his final argument, Owens contends that the trial court committed plain error when it failed to give an instruction regarding prior bad acts and further instructions regarding the date of the offense. Neither contention has merit.

As detailed above, no prior bad acts were introduced by the Government. Rather, the testimony that was introduced was properly introduced under the *res gestae* exception to Fed. R. Evid. 404(b). As such, no instruction on prior bad acts was necessary.

Finally, Owens' argument that further instructions were necessary regarding the date of the offense likewise lacks merit. In raising this argument, Owens relies upon his above argument that a variance occurred. As detailed above, the evidence introduced by the Government was entirely consistent – Owens possessed the firearm on December 4, 2007. Accordingly, the pattern instruction explaining the meaning of "on or about" was sufficient to properly instruct the jury regarding the

date of the offense.  Owens has demonstrated no error in the jury instructions, let alone plain error

that would warrant reversal.

### III

For the reasons described above, we **AFFIRM** Owens' conviction.