NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1233n.06

No. 12-5060

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 28, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JARROD MILLS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |

BEFORE:  MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM.  Jarrod Mills appeals a district court judgment revoking his supervised release.  Because the thirty-six month sentence imposed by the district court is procedurally and substantively reasonable, we affirm.

In 1998, Mills pleaded guilty to conspiracy to manufacture with the intent to distribute 132 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 121 months of imprisonment, followed by five years of supervised release.  That five-year period of supervised release began on May 4, 2007.

On June 8, 2011, the probation office petitioned the district court to issue a warrant for Mills's arrest and recommended revocation of his supervised release.  According to the petition,

_____

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Mills had violated the conditions of his supervised release by committing the following offenses for which he had been indicted by the State of Tennessee: (1) possession of cocaine with the intent to manufacture, sell, and deliver; (2) possession of marijuana with the intent to manufacture, sell, and deliver; and (3) possession of drug paraphernalia.

After an evidentiary hearing, the district court concluded that the government had established by a preponderance of the evidence that Mills had violated the conditions of his supervised release. The district court then proceeded to sentencing, noting that Mills's advisory sentencing guidelines range was twenty-four to thirty months of imprisonment, and that the statutory maximum sentence was sixty months of imprisonment. Both parties recommended a sentence of twenty-four months of imprisonment. In support of that sentence, Mills asserted that, because his original sentence was imposed prior to the enactment of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111–120, 124 Stat. 2372, he had served more time than someone would currently serve for the same offense. He also asserted that the district court should consider the changes in the crack cocaine sentencing laws since his original sentencing. After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), the district court concluded that a sentence of thirty-six months of imprisonment was appropriate because of the similarity between Mills's original drug offense, his violation conduct, and "the fact that apparently not much was beneficially learned."

In this timely appeal, Mills challenges his thirty-six month sentence. We review a sentence imposed upon revocation of supervised release "'under a deferential abuse-of-discretion standard,'"

for procedural and substantive reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

Mills argues that his sentence was procedurally unreasonable because the district court failed to adequately explain its deviation from the guidelines range. Mills actually complains about the district court's reason for the deviation rather than the adequacy of its explanation, asserting that "upward variances are reserved for those who have inadequate criminal history scores, those who received a downward adjustment in their original sentence, and those who repeatedly violate supervised release." While the guidelines' policy statements specifically mention these justifications for deviating from the guidelines range in imposing a sentence upon revocation of supervised release, *see, e.g.*, USSG § 7B1.4, cmt. nn.2 & 4, nothing restricts the district court's discretion to these three reasons.

The record reflects that the district court "adequately explain[ed] the chosen sentence" and provided "an explanation for [the] deviation from the Guidelines range." *Gall*, 552 U.S. at 51. After discussing the relevant § 3553(a) factors, including the nature and circumstances of Mills's original offense and its similarity to the violation conduct as well as the need to afford adequate deterrence and to protect the public, the district court gave a specific reason for deviating from the guidelines range. Thus, district court complied with its duty to explain the deviation from the guidelines range and imposed a procedurally reasonable sentence. *See United States v. Johnson*, 640 F.3d 195, 207–08 (6th Cir. 2011).

In support of his argument that his sentence was substantively unreasonable, Mills contends that the district court rejected his policy argument regarding the FSA based on incorrect assumptions

and that the sentence imposed was therefore arbitrary. After the district court pronounced the thirty-

six month sentence, Mills reiterated his argument that he would have received a lower sentence

under the FSA, asserting that "it is called the Fair Sentencing Act because in the past, it was unfair."

In rejecting Mills's argument, the district court stated:

> It is called the Fair Sentencing Act because somebody put that label on the statute.
> It is not called the Fair Sentencing Act because crack cocaine is not a bad thing.
> Crack cocaine destroys this community. If you want to see one substance that has the
> greatest impact in destroying Memphis, Tennessee and the young people in
> Memphis, Tennessee, it's crack cocaine, and it's hard to pick out one thing in
> Memphis because you have got so many things competing for it. You know, we have
> got a meth problem, we have got a new and rising heroin problem. We have all sorts
> of problems with Oxycontin and all those materials, so those are bad, but the one
> thing that seems to be absolutely the most pervasive is crack.

Mills argues that the district court's statements are "outdated and incorrect," but cites no data

regarding drug abuse in Memphis. The district court did not rely on the discredited assumptions

regarding the relative harmfulness of crack and powder cocaine which formed the basis of the

sentencing disparity between crack and powder cocaine offenses. *See Kimbrough v. United States*,

552 U.S. 85, 95–98 (2007). Given that the district court considered the relevant § 3553(a) factors and

addressed Mills's policy argument, the district court's sentencing determination was not arbitrary.

The district court's judgment is affirmed.