NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0359n.06
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 10, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| ALVIA WILLIAMS, | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  GILMAN, ROGERS, and SUTTON, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.**  Alvia Williams admittedly violated the terms

of his supervised release and was given a 36-month sentence, the statutory maximum, as punishment

for the violation.  On appeal, Williams argues that his sentence is substantively unreasonable.  He

also contends that the district court violated his Fifth Amendment right against self-incrimination

by improperly relying on his refusal to cooperate with the officers investigating a shooting in which

he was injured.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

In  2003, Williams pleaded guilty to possessing cocaine base (crack) with the intent to

distribute the drug, in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g).  He was also initially charged with possession of a

firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), which carried a mandatory five-year consecutive sentence, but that charge was ultimately dismissed. At the time that Williams was sentenced for the offenses to which he pleaded guilty, he faced a statutory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(B) due to the quantity of crack cocaine involved and his prior felony drug conviction. But the government neglected to file an information pursuant to 21 U.S.C. § 851 that identified Williams's prior felony drug offense. As a result of the government's oversight, Williams faced a statutory minimum sentence of only five years instead of ten. The district court ultimately sentenced him to 78 months of incarceration and to four years of supervised release.

Williams completed his prison sentence and began serving his term of supervised release in February 2008. He was subject to several conditions, including the following: (1) that he "participate in a program approved by the Probation Department for substance abuse, which program may include testing" for ongoing drug use; (2) that he not "possess or use any pager, cellular telephone or other portable electronic communication device" or be in the social company of any person in possession of such a device for use in the drug trade; and (3) that he "report to the probation officer" and "submit a truthful and complete written report" to his probation officer each month.

Only five months passed before Williams began to violate the terms of his supervised release. He failed to attend urinalysis screenings in July 2008 and March 2009. Williams also stopped reporting to his probation officer after June 2009. And in July 2009, his probation officer discovered that Williams was using a cell phone with a North Carolina area code.

The probation officer's initial attempts to locate Williams were unsuccessful. Williams's mother did not know his whereabouts, his alleged employer would not return the probation officer's telephone calls, and Williams was discovered to be regularly traveling from Detroit to North Carolina by Greyhound bus with tickets purchased in another person's name. His probation officer also reported to the court that Williams had been injured in a shooting at a Detroit housing project, but that he was uncooperative with the officers who were investigating the matter and had refused to tell his probation officer why he was in that particular area of Detroit. At the request of Williams's probation officer, the district court issued a warrant for Williams's arrest in November 2009.

Williams was finally apprehended in West Virginia in April 2012. During his May 2012 supervised-release revocation hearing, he admitted the various violations of his supervised release. His conduct constituted a grade C violation and he had a criminal history category of III. The U.S. Sentencing Guidelines called for a sentence of 5 to 11 months of imprisonment. *See* U.S.S.G. § 7B1.4. But the district court varied upward by imposing a 36-month sentence, which was the statutory maximum.

## II. ANALYSIS

### A.    Standard of review

A district court may revoke a term of supervised release pursuant to 18 U.S.C. § 3583(e)(3). In so doing, the court may require the defendant to serve a new term of imprisonment. *Id.* We review sentences imposed upon the revocation of supervised release under the deferential abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). An abuse

of discretion exists when we are left with a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (internal quotation marks omitted). Although we apply a "presumption of reasonableness . . . to sentences inside of the Guidelines range, there is no presumption *against* a sentence that falls outside of the range." *United States v. Tate*, 516 F.3d 459, 469–70 (6th Cir. 2008) (emphasis in original).

The abuse-of-discretion standard has two components as applied to sentencing: procedural reasonableness and substantive reasonableness. *Bolds*, 511 F.3d at 578. Williams challenges only the substantive reasonableness of his sentence. He contends that the district court's rationales for imposing the statutory maximum sentence were insufficient, that the court failed to consider his crack-cocaine sentencing-policy argument, and that the court, in violation of his Fifth Amendment rights, impermissibly based the sentence on his refusal to speak with the investigating officers and his probation officer about the shooting.

**B.      Williams's sentence is substantively reasonable**

### 1.      *Statutory maximum sentence*

"A sentence may be substantively unreasonable where a district court selects it arbitrarily, fails to consider pertinent factors in 18 U.S.C. § 3553(a), or gives unreasonable weight to any one factor." *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011). In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A reviewing

court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

In the present case, the totality of the circumstances indicates that the 36-month sentence was substantively reasonable. The court explained at length why it chose to impose the statutory maximum sentence. It considered Williams's history and characteristics, the nature of the offense conduct and "continuing behaviors that are out of compliance with the . . . supervised release," the need to protect the public, and the "principal factor" for the court—the need for adequate deterrence. With respect to this latter factor, the court remarked that the "original sentence had virtually zero effect in terms of deterrence." The court also commented that Williams had previously benefitted from a lower sentence than his original criminal offenses warranted. *See United States v. Childress*, 468 F. App'x 471, 478 (6th Cir. 2012) (noting that in sentencing a defendant for violation of his or her supervised release, a court may, under the Guidelines, impose an upward departure if the defendant's original sentence was lenient).

These rationales reflect the § 3553(a) factors that the district court was obligated to consider. In imposing a 36-month sentence, the court sought to deter Williams from further criminal conduct in light of his blatant flouting of the terms of his supervised release. Indeed, the court noted that Williams began misbehaving "virtually immediately" upon his release. It explained that it "doubt[ed] that an 11-month sentence is sufficient under the circumstances given the defendant's years of absconding." Such reasoning is fully consistent with this court's holding that a district court may be justified in varying upward in sentencing a defendant who has committed multiple supervised-release violations. *See United States v. Polihonki*, 543 F.3d 318, 326 (6th Cir. 2008)

(upholding as substantively reasonable an above-Guidelines sentence for a defendant who repeatedly violated the terms of his supervised release); *see also United States v. Branch*, 405 F. App'x 967, 970 (6th Cir. 2010) (holding that an above-Guidelines sentence was not substantively unreasonable when it was imposed to account for a defendant's multiple violations of supervised release, including absconding from supervision for one year). We therefore conclude that the district court adequately justified its imposition of the statutory maximum sentence.

### 2.       *Crack-cocaine and Fair Sentencing Act argument*

Williams next contends that the district court disregarded his argument that he should receive a more lenient sentence because his original sentence was based on the old, "discredited" crack-cocaine Guidelines. At the revocation hearing, his counsel argued that the Guidelines in effect prior to the enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (FSA), were unfair and unduly harsh to crack-cocaine offenders, and counsel urged the court to consider the fact that Williams had served the full sentence imposed under the old Guidelines. Acknowledging the argument, the court disagreed with the proposition that Williams's original sentence was unduly harsh. It also discounted Williams's argument that the pre-FSA Guidelines had been "discredited," remarking that it believed the change to have been "driven by political influence." The court commented that it was free to disagree with the policies underlying the FSA, but further noted that its disagreement was a "tangential point" to the proceedings. It also opined that future evidence of an "epidemic of drug distribution and the further deterioration of identifiable communities" could "cause[] another view to be expressed in Congress." On appeal, Williams argues that the court failed

to take his FSA policy argument into consideration and that the sentence imposed was therefore greater than necessary to achieve the objectives of § 3553(a).

The above exchange shows that the district court properly considered Williams's FSA policy argument, but simply rejected it. *See United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) ("[W]hen a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." (internal quotation marks omitted)); *see also United States v. Mills*, No. 12-5060, 2012 WL 5951489, at *2 (6th Cir. Nov. 28, 2012) (per curiam) (unpublished) (holding that the district court did not improperly reject the defendant's FSA policy argument based on incorrect assumptions about the Act by remarking that crack cocaine was a pervasive problem in the community; the court instead properly considered the § 3553(a) factors, did not actually rely on outdated assumptions about crack cocaine, and addressed the defendant's FSA policy argument); *United States v. Cole*, 448 F. App'x 549, 550 (6th Cir. 2011) (finding a revocation sentence substantively reasonable where the district court acknowledged the defendant's crack-cocaine policy argument by stating "I understand your point" without any further explanation).

In the present case, nothing about the exchange between the district court and Williams suggests that the court based Williams's sentence on its personal views about the reasons for the FSA's modification of the Guidelines or the possibility that they could be modified again in the future. The court simply expressed its disagreement with the proposition that Williams's original sentence was unduly harsh under the Guidelines in effect at the time, and it declined to adopt Williams's argument for a more lenient sentence on his supervised-release violation. In particular,

the court noted that, because of the earlier error by the government, Williams had received a lesser sentence than he otherwise would have faced. Consequently, the original sentence was actually "moderate . . . for the behavior in which Mr. Williams engaged at the time." The court's consideration of Williams's FSA policy argument and reasons given for rejecting it provide no basis to conclude that the 36-month sentence was imposed arbitrarily.

### 3. *Impermissible sentencing factors*

Finally, Williams claims that the district court considered impermissible factors in imposing the sentence. First, he challenges the court's consideration of the fact of his involvement in a shooting. Such consideration is not impermissible, however, when the district court draws its reasoning from "the factors listed in [§] 3553(a)." *United States v. Collington*, 461 F.3d 805, 810 (6th Cir. 2006). In the present case, the district court considered Williams's involvement in the shooting in relation to his history and characteristics as a drug offender, as well as the fact that the original sentence had not deterred Williams from engaging in "highly suspicious behavior." Under the totality of the circumstances, this consideration was proper. Williams had violated several conditions of his supervised release and had engaged in conduct that strongly suggested his return to his former life in the drug trade. In weighing the § 3553(a) factors, the district court sought to impose a sentence that would adequately deter Williams from further criminal conduct.

Second, Williams argues that the district court impermissibly used his silence as grounds for imposing the "harshest possible sentence," thereby violating his Fifth Amendment right against self-incrimination. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Williams cites *Mitchell v. United*

*States*, 526 U.S. 314 (1999), for the proposition that a sentencing court is not permitted to draw a negative inference from a defendant's silence. In *Mitchell*, the Supreme Court held that a defendant who has pleaded guilty does not waive his or her right to remain silent at sentencing and that the sentencing court may not draw an adverse factual inference from any such silence. Williams argues, based on this ruling, that the district court used his failure to cooperate with investigating officers and his probation officer against him. He does not, however, cite any authority applying a no-adverse-inference rule to revocation hearings, nor have we located any such caselaw. The law is thus unclear as to whether *Mitchell*'s no-adverse-inference rule should be extended to the circumstances in this case. *See Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984) (concluding that a revocation hearing "is not a criminal proceeding," meaning that "the privilege against compelled self-incrimination [is not] available to a probationer," at least where he seeks only to avoid "the termination of probation").

But even assuming that the rule was applicable to Williams's revocation hearing, *Mitchell* is distinguishable because it concerned the drawing of a negative *factual* inference regarding the amount of drugs at issue based on the defendant's silence. The district court in the present case, on the other hand, made no factual determinations based on Williams's failure to cooperate. It simply considered Williams's inability to be rehabilitated. And this court has previously noted that *Mitchell* "does not limit the district court's ability to consider a wide variety of 'information concerning the background, character, and conduct' of the defendant in determining an appropriate sentence." *United States v. Kennedy*, 499 F.3d 547, 552 (6th Cir. 2007) (quoting 18 U.S.C. § 3661). We therefore decline to hold that the district court based Williams's sentence on an impermissible factor.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.