NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0302n.06

No. 14-3792

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 27, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE SOUTHERN DISTRICT OF |
| ROBERT BRAGGS, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: DAUGHTREY, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM. Robert Braggs, now known as Elijah Ysrael, challenges the thirty-seven-month sentence imposed upon the revocation of his supervised release as substantively unreasonable. We affirm.

In 1992, a federal jury convicted Braggs of conspiracy to distribute cocaine and cocaine base; and possession with intent to distribute cocaine; and possession with intent to distribute cocaine base. The district court sentenced Braggs to the twenty-year mandatory minimum term of imprisonment, followed by ten years of supervised release. Braggs's supervised release began on April 30, 2009. Less than three months later, on July 24, 2009, Braggs was arrested on drug charges. A jury in the Hamilton County Court of Common Pleas subsequently convicted him of trafficking in and possessing cocaine, resulting in a four-year sentence. Upon the completion of his state sentence, Braggs appeared before the district court and admitted his state conviction, which constituted a violation of a condition of his supervised release. Based on Braggs's Grade

A violation and criminal history category of III, the district court calculated a guidelines range of thirty to thirty-seven months of imprisonment. After considering the relevant sentencing factors under 18 U.S.C. § 3553(a), the district court revoked Braggs's supervised release and sentenced him to thirty-seven months of imprisonment.

On appeal, Braggs contends that his sentence is substantively unreasonable. We review the substantive reasonableness of Braggs's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) ("Sentences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction."). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a sentence within the guidelines range. *Bolds*, 511 F.3d at 581.

Braggs argues that the district court imposed a sentence at the top of the guidelines range based on conduct for which he had already received and served a four-year state sentence. "[T]he United States Supreme Court has specifically explained that 'postrevocation penalties relate to the *original* offense,' rather than the violation conduct." *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000)). As we stated in *Johnson*:

> The violations of a defendant's term of supervised release are properly characterized as "breach[es] of trust" which may be "sanctioned" upon revocation. But the *sanction* for failing to abide by conditions of supervised release is to be distinguished from "the imposition of an appropriate *punishment* for any new criminal conduct" which may occur only following a conviction in a separate criminal proceeding.

*Id.* (quoting USSG Ch. 7, Pt. A) (internal citation omitted). Pointing out that Braggs was arrested "[b]arely three months after he was released from federal prison," the district court stated that "[t]here can be no argument under the present circumstances that the original sentence was not only not sufficient to achieve the statutory goals of sentencing, but some punishment for violation of the terms of Mr. [Braggs's] supervised release is appropriate." (RE 326, Supervised Release Violation Hearing Tr. 23, 25, Page ID # 838, 840). The record shows that the district court imposed the thirty-seven-month sentence as a sanction for Braggs's breach of trust in violating his supervised release after less than three months and not as additional punishment for his state conviction.

Braggs contends that, if he had been sentenced under the Fair Sentencing Act of 2010 (FSA), he would have received a sentence half of what he received and would have finished any supervised release long before the conduct leading to this violation. The district court considered Braggs's FSA argument—"I understand the argument that the disparity between crack cocaine and powder cocaine under the pre-FSA structure was considered objectively unfair"—and rejected it:

> He didn't make it three months on supervised release. That tells me that his sentence, long as it may have been and longer perhaps than it would have been under the Fair Sentencing Act, still wasn't adequate, did not achieve the goal of protecting the public, recognizing the seriousness of his offense, deterring further crime by this defendant.

(*Id*. at 23, Page ID # 838). The district court did not abuse its discretion in rejecting Braggs's FSA argument. *See United States v. Williams*, 520 F. App'x 420, 424-25 (6th Cir.), *cert. denied*, 134 S. Ct. 261 (2013); *United States v. Mills*, 506 F. App'x 490, 492-93 (6th Cir. 2012).

According to Braggs, the district court failed to consider a partially concurrent sentence. Given that Braggs had completed his state sentence, the district court stated that it "need not address whether or not the sentence I anticipate imposing needs to be imposed consecutively." (RE 326, Supervised Release Violation Hearing Tr. 26, Page ID # 841). The district court went on to address Braggs's request for a partially concurrent sentence:

> If I were to credit Mr. [Braggs] with all or part of his state sentence or take into account that his behavior, being on federal supervised release and violating it, causing a detainer to be placed upon him, costing any potential good time credit in the state sentence, again I think would only reward bad behavior. So I'm going to decline your request . . . .

(*Id*. at 30-31, Page ID # 845-46).

Finally, Braggs asserts that the district court did not give any weight to the infirmities underlying his state convictions. The district court determined that the sentencing issues raised in Braggs's state appeals were "irrelevant to our proceeding today." (*Id*. at 3, Page ID # 818). Braggs has not shown otherwise.

Braggs has not overcome the presumption that his within-guidelines sentence is substantively reasonable. Accordingly, we affirm Braggs's sentence. We deny Braggs's motion for reconsideration of the court's order filed on December 30, 2014, denying his motion to file a supplemental pro se brief.